**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

MARCOS TEZEN PATZAN,                                          Civ. Action No.:

                Plaintiff,

     -against-

LANDSCAPE   SOLUTIONS,   INC.   and
TODD SCATES,

                Defendants.
--------------------------------------------------------X

## COMPLAINT

Plaintiff, MARCOS TEZEN PATZAN ("Plaintiff"), as and for his Complaint against

Defendants, LANDSCAPE SOLUTIONS, INC. and TODD SCATES (collectively,

"Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes,

Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and

for other relief.

2.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA,

29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part

of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is a resident of the State of New York.

6.      Defendants are in the landscaping business servicing Long Island homeowners.

7.      Upon information and belief, Defendant Landscape Solutions, Inc. ("Landscape Solutions") is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant Landscape Solutions maintains a Principal Executive Office located at 145 South Road, West Hampton, New York 11977.

9.      Upon information and belief, Defendant Landscape Solutions maintains a principal place of business located at 145 South Road, West Hampton, New York 11977.

10.     At all relevant times, Defendant Landscape Solutions maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

11.     Upon information and belief, Defendant Landscape Solutions was and continues to be owned, operated, and controlled by Defendant Todd Scates ("Scates").

12.     Upon information and belief, Defendant Scates is a resident of the State of New York.

13.     Upon information and belief, Defendant Scates resides at 145 South Road, West Hampton, New York 11977.

14.     Upon information and belief, Defendant Scates operated Defendant Landscape Solutions from his residence.

15.     Upon information and belief, at all relevant times, Defendant Scates was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Landscape Solutions.

16.     Upon information and belief, at all relevant times, Defendant Scates exercised operational control over Defendant Landscape Solutions, controlled significant business functions of Defendant Landscape Solutions, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Landscape Solutions in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

17.     At all relevant times, Defendant Scates participated in running the daily operations of Defendant Landscape Solutions and its landscaping business.

18.     At all relevant times, Defendant Scates participated in the management and supervision of Plaintiff and his work for Defendants.

19.     At all relevant times, Defendant Scates maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

20.     Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff as a landscaper.

21.     Defendants had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

22.     Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

23.     Plaintiff was employed by Defendants from on or about May 15, 2016 until on or about September 18, 2020.[1]

24.     During Plaintiff's employment, Plaintiff was employed as a landscaper for the benefit of and at the direction of Defendants at their landscaping business.

25.     At all times relevant to this action, Plaintiff's primary duties included trimming trees, lawn maintenance, and planting.

26.     During the months of March through August, Plaintiff generally worked Monday through Friday from about 7:00 a.m. until about 8:00 p.m., Saturday from 7:00 a.m. until about 5:00 p.m., and one to two Sundays per month from about 8:00 a.m. until about 4:00 p.m. with a thirty-minute break each shift.

27.     During these months, Plaintiff worked about seventy-two (72) hours per week, or seventy-nine (79) hours if he worked a Sunday.

28.     In September, Plaintiff generally worked Monday through Friday from about 7:00 a.m. until about 7:00 p.m., Saturday from 7:00 a.m. until about 5:00 p.m., and one to two Sundays per month from about 8:00 a.m. until about 4:00 p.m. with a thirty-minute break each shift.

29.     During these months, Plaintiff worked about sixty-seven (67) hours per week, or seventy-four and one-half (74.5) hours if he worked a Sunday.

30.     In the months of October through December, Plaintiff generally worked Monday through Saturday from about 7:00 a.m. until about 5:00 p.m. and one to two Sundays per month from about 8:00 a.m. until about 4:00 p.m. with a thirty-minute break each shift.

---

[1] During the winter months of each year of Plaintiff's employment (from approximately December 20 through approximately March 10), Plaintiff did not perform work for Defendants; as such, Plaintiff's claims exclude these time periods.

31.     During these months, Plaintiff worked about fifty-seven (57) hours per week, or sixty-four and one-half (64.5) hours if he worked a Sunday.

32.     During Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

33.     During Plaintiff's employment, Defendants paid Plaintiff straight-time for all hours worked.

34.     During Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

35.     During Plaintiff's employment, Defendants did not pay Plaintiff at least one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

36.     During Plaintiff's employment, Defendants failed to provide Plaintiff with a notice and acknowledgement of pay rate and payday at the time of his hiring or any time thereafter, as required by NYLL § 195(1).

37.     During Plaintiff's employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

38.     Defendant Scates hired Plaintiff.

39.     Defendant Scates determined the job duties that Plaintiff performed each day.

40.     Defendant Scates supervised Plaintiff's duties each day.

41.     Defendant Scates set Plaintiff's work schedule each week.

42.     Defendant Scates determined the hours that Plaintiff worked each day and week.

43.     Defendant Scates determined the manner in which Plaintiff was paid each week.

44.     Defendant Scates determined Plaintiff's rate(s) of pay.

45.     Defendant Scates ran the day-to-day operations of Defendant Landscape Solutions during Plaintiff's employment.

46.     Defendants managed Plaintiff's employment, including the amount of overtime worked.

47.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

48.     Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled under the law.

49.     Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

50.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

51.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

52.     Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

53.     At all times relevant to this Complaint, the Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who has handled landscaping materials, supplies, and equipment that originated outside of the State of New York.

54.     Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for the years 2017, 2018, and 2019 was not less than $500,000.00.

55.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

56.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

57.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

58.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

59.     However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

60.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

61.     Defendants did not act in good faith with respect to the conduct alleged herein.

62.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

63.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

64.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

66.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

67.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

68.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because he did not meet the requirements for any of the exemptions available thereunder.

69.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

70.     Defendants did not act in good faith with respect to the conduct alleged herein.

71.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL ARTICLE 6 SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

72.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73.     Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

74.     Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

75.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

76.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77.     Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

78.     Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

79.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.     Declare and find that Defendants committed one or more of the following acts:

1.     Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

10

2.    Willfully violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.    Award compensatory damages, including all overtime compensation owed in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       December 15, 2020

Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com